UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD TKATCH,

       Plaintiff,

                                       Case No. 12-cv-13758
vs.                                  HON. GERSHWIN A. DRAIN

BANK OF AMERICA CORPORATION,

       Defendant.

_____/

**ORDER RESCINDING THE ORDER OF REFERENCE AS TO DOCKET ENTRY NO. 22 ONLY AND GRANTING IN PART MOTION TO COMPEL DISCOVERY [#22]**

       Plaintiff, Howard Tkatch, filed the instant action against Defendant, Bank of America Corporation, on August 24, 2012, claiming, among other allegations, that Defendant improperly reversed payments made by Plaintiff in his capacity as former Vice President and Chief Financial Officer of BBMK, a Michigan limited liability company. Plaintiff claims these payments were for BBMK's legitimate and authorized expenses and that he has been harmed by Defendant because he became personally liable for these expenses, his credit rating was decimated and he has been unable to find employment as a CFO.

       Presently before the Court is Defendant's Motion to Compel Discovery, filed on July 23, 2013. The Court has issued an Order for Submission and Determination of this motion without oral argument. *See* Dkt. No. 23. This matter is fully briefed and for the reasons that follow, the Court grants Defendant's Motion to Compel in part.

-1-

Here, Defendant requests that the Court compel Plaintiff to produce the settlement agreement and all non-privileged documents arising out of a Florida action brought by Plaintiff against Bryan Meklir, BBMK Contracting, LLC, and Katie Cox.  Defendant claims this discovery is relevant as it relates to the allegations in the instant lawsuit.  In paragraph ninety-nine of the complaint filed in the Florida action, Plaintiff alleged in pertinent part:

> Meklir persisted in harming Tkatch by using Tkatch's credit–which Tkatch had provided to the venture– against Tkatch.  Specifically, Meklir informed several of Tkatch's credit card accounts and Bank of America that corporate charges made on the accounts were not legitimate.  In fact, Meklir had payments that affected Tkatch's credit for the prior 60 days reversed without any basis on accounts with American Express, . . . U.S. Bank Automotive Financing/Jaguar . . . and Acura Financial Services[.]

Defendant maintains that the allegations in the Florida action are intertwined with the allegations asserted in the instant action.  Defendant further insists that Plaintiff did not file the instant action until he reached a settlement agreement with the defendants in the Florida action.  Accordingly, on April 10, 2013, Defendant served Plaintiff with its discovery requests, seeking among other things, a copy of the settlement agreement, as well as "[a]ll documents . . . relating to any dispute you have with Bryan Meklir that may affect BANA's interests."  *See* Def.'s Mot., Ex. A.  Plaintiff has refused to produce the discovery responses requested by Defendant.

In response to Defendant's Motion to Compel, Plaintiff argues that he has no objection to producing the settlement agreement reached in the Florida litigation, but will do so only upon the issuance of a court order since Plaintiff may expose himself to suit in Florida for breach of the settlement agreement.  Plaintiff further argues that Defendant's request for all documents relating to any dispute with Meklir is overly broad and must be denied.  Plaintiff insists that the discovery requests  must be narrowly tailored to ask for specific documents because, as currently constructed,

-2-

the requests are unduly burdensome under Rule 26(b)(2)(C)(iii).  Lastly, Plaintiff maintains that all financial information  and pleadings have been provided to Defendant.

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).  As to Defendant's request for the Florida settlement agreement, the Court concludes that this agreement is relevant to the issues raised herein.  Thus, Plaintiff shall produce a copy of the settlement agreement within seven (7) days from the date of this Order.

Additionally, while Interrogatory No.  9 seeks relevant information, the request is overly broad and would benefit from the inclusion of narrowing language.  Accordingly, Plaintiff shall be required to respond to Interrogatory No.  9 by providing all documents in his possession, custody and control relating to Plaintiff's and Meklir's dispute that was the subject of the Florida litigation.  Because Defendant argues that the allegations in the Florida litigation and the instant litigation are intertwined, any evidence concerning the dispute that gave rise to the Florida action would be relevant to these proceedings.  Plaintiff shall respond to Interrogatory No.  9 in accordance with this Order within seven (7) days from the date of this Order.

Defendant's Motion to Compel Discovery [#22] is GRANTED IN PART.

SO ORDERED.

Dated: September 4, 2013

/s/Gershwin A Drain
GERSHWIN A.  DRAIN
UNITED STATES DISTRICT JUDGE

-3-